■ ALEXANDER NORTON, Appellant, v. JERRY KURTZ, Respondent.— Motion by respondent to dismiss appeal from an order of the Civil Court of the City of New York, County of Kings, dated July 2, 1963, which denied appellant's motion to vacate and set aside respondent's notice of examination before trial of appellant. This appeal was erroneously taken to this court. The Appellate Term of the Supreme Court in the Second Judicial Department is presently vested with the jurisdiction of appeals from the Civil Court of the City of New York. Accordingly, the motion to dismiss the appeal and the appeal are transferred to said Appellate Term of the Supreme Court (see N. Y. Const., art. VI, § 5, subd. b; § 8, subd. d; order No. 47 of this court, dated July 12, 1962). Beldock, P. J., Hill, Rabin and Hopkins, JJ., concur.

(November 18, 1963)

■ CHARLES BARON, Appellant, v. FRANK GIAMBINO, Defendant, and XAVIER LO MONACO, Doing Business as NINA GOWNS, Respondent.— In an action to recover damages for personal injury, plaintiff appeals from an order of the Supreme Court, Kings County, dated May 28, 1962, which granted defendant Lo Monaco's motion for discovery and inspection of the business records of a corporation, Moledsky Transportation Corporation, which is not a party to the action. Order affirmed, with $10 costs and disbursements. The discovery and inspection shall proceed on 10 days' written notice or at such time and place as the parties may mutually agree by written stipulation. In his bill of particulars, plaintiff stated he was in business for *himself*. In his pretrial examination plaintiff stated that he was the *owner* of the trucking business (Moledsky Transportation Corporation) and that *his* books reflected *his* loss of earnings from the accident in question. It is because of these admissions that we conclude that these books, for purposes of discovery and inspection, should be considered as plaintiff's, even though technically they are in the name of *his* corporation. The statutory and case rule, that discovery and inspection are available only as against parties to the action (Civ. Prac. Act, § 324; CPLR, rule 3120; *Golding* v. *Golding*, 7 A D 2d 1027), therefore remains unaffected. Beldock, P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ HELENA BOWLER, Respondent, v. ROBERT METRICK CO., INC., Appellant. — In a negligence action to recover damages for personal injury, defendant appeals from a judgment of the Supreme Court, Nassau County, entered December 18, 1962 after trial, upon the verdict of a jury in favor of the plaintiff. Judgment affirmed, with costs. In our opinion, on this record a question of fact was presented for the jury's determination as to whether the defendant exercised reasonable care in supervising its premises (*Finck* v. *Bohack Co.*, 11 A D 2d 1064, affd. 9 N Y 2d 952). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.